UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT EARL HACKNEY,

        Petitioner,

v.                                                              CIVIL CASE NO. 06-10710
                                                             HONORABLE PAUL V. GADOLA

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR
DISCOVERY AND AN EVIDENTIARY HEARING,
TO ENFORCE THE ORDER FOR RESPONSIVE PLEADING, AND
TO RE-OPEN DOCKET ENTRIES 12-14
AND GRANTING PETITIONER'S MOTIONS TO
AMEND THE PETITION AND TO SUPPLEMENT THE RECORD**

Petitioner Robert Earl Hackney has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for first-degree criminal sexual conduct for which Petitioner is serving a sentence of forty to seventy-five years. The Michigan Court of Appeals affirmed his conviction, *see People v. Hackney*, No. 249216 (Mich. Ct. App. Feb. 24, 2005), and the Michigan Supreme Court denied leave to appeal, *see People v. Hackney*, No. 128519 (Mich. Sup. Ct. Nov. 29, 2005).

Petitioner filed his habeas corpus petition on February 17, 2006. The petition alleges that the trial court abused its discretion and violated Petitioner's rights under the Confrontation Clause by admitting the videotaped deposition of Dr. Bowditch. Petitioner further alleges that: the jury was not drawn from a fair cross section of the community; the police and prosecution failed to fully investigate the charges against Petitioner; the sentencing guidelines were mis-scored; trial counsel

was ineffective; venue was improper; the prosecutor engaged in misconduct; and the evidence was insufficient to support Petitioner's conviction. Currently pending before the Court are five motions filed by Petitioner.

In a motion for discovery and an evidentiary hearing [docket entry #28], Petitioner alleges that the trial court failed to conduct a hearing or resolve factual issues on his claims of ineffective assistance of counsel, prosecutorial misconduct, and the trial court's abuse of discretion. The motion for discovery and an evidentiary hearing is **DENIED** because there is no absolute right to discovery, *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997), or an evidentiary hearing, *see Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001), and neither discovery nor an evidentiary hearing are needed.

The motion to enforce the Court's order requiring a responsive pleading [docket entry #29] is **DENIED** because Respondent has filed a responsive pleading and the state court materials. Furthermore, the remedy sought (a default judgment) is unavailable in a habeas corpus proceeding. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). The portion of the motion that seeks to have Respondent file the videotaped deposition of Dr. Bowditch is denied because the deposition is not needed for resolution of Petitioner's claims.

The motion to re-open docket entries #12 - #14 [docket entry #44] is, in essence, a motion for reconsideration of the order denying Petitioner's motions for oral arguments, for appointment of counsel, and for leave to proceed without prepayment of fees and costs. The motion is **DENIED** because Petitioner has not shown that the Court made a palpable defect and that correcting the alleged defect will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3).

The motion to amend [docket entry #45] seeks to supplement Petitioner's habeas petition and brief with a state court decision, which Petitioner attached to his motion. The motion to supplement

2

[docket entry #46] seeks to supplement the record with a docket sheet from the state court of appeals and three state court notices of filing transcripts. These motions are **GRANTED**. The Court will consider the attachments to Petitioner's motions when ruling on Petitioner's habeas petition.

**SO ORDERED.**

Dated: ___August 8, 20007___

s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on __August 8, 2007__ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
Debra M. Gagliardi, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Robert Earl Hackney.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845