UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT EARL HACKNEY,

        Petitioner,

v.                                                  Case Number 06-10710
                                                    Honorable Thomas L. Ludington

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS TO ALTER OR AMEND THE JUDGMENT, GRANTING PETITIONER'S MOTION TO AMEND HIS MOTION TO ALTER OR AMEND THE JUDGMENT, DENYING AS MOOT PETITIONER'S MOTION FOR A REASSIGNMENT, AND DENYING PETITIONER'S MOTION FOR INORDINATE OR UNNECESSARY DELAY**

Petitioner Robert Earl Hackney, a state prisoner at Carson City Correctional Facility in Carson City, Michigan, has filed several motions challenging the Honorable Paul V. Gadola's Opinion and Order denying Petitioner's pro se habeas corpus petition. Petitioner has filed two motions to alter or amend the judgment in this case, a motion to amend or supplement his first motion to alter or amend the judgment, a motion to reassign this case to a judge other than Judge Gadola, and a motion complaining of the Court's delay in ruling on Petitioner's other motions.

Petitioner's motions generally assert that Judge Gadola decisions demonstrate bias and erroneously concluded that habeas claims I and X were procedurally defaulted and barred from substantive review. Petitioner also contends that the constitutional errors alleged in claims I and X were not harmless.

A

Petitioner filed his motions to alter or amend the judgment pursuant to Federal Rule of Civil

Procedure 59(e). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "A court may grant a Rule 59(e) motion to alter or amend [only] if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005) (alteration added), *cert. denied*, 547 U.S. 1070 (2006). "This standard is not inconsistent with the 'palpable defect' standard" applied in this District. *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006). Pursuant to local rule,

> the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

B

Petitioner alleged in claims I and X of his habeas corpus petition that the admission of Dr. Brian Bowditch's videotaped deposition at Petitioner's trial violated his rights under state law and under the Confrontation Clause to the United States Constitution. Judge Gadola concluded that Petitioner waived review of these claims in state court and, therefore, his habeas claims were procedurally defaulted. Petitioner contends that he only consented to having the court reporter record the content of the videotaped deposition when it was shown during trial. The record, however, indicates that both Petitioner and his trial attorney agreed to the use of Dr. Bowditch's

videotaped deposition at trial. The Michigan Court of Appeals therefore concluded that Petitioner intentionally relinquished a known right, thereby extinguishing the claimed error.

"[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). All three elements of procedural default were satisfied in this case. Petitioner did not object to introduction of the videotaped deposition; the last state court to render a reasoned opinion in his case concluded that Petitioner had waived any objection; and the state procedural rules on waiver and forfeiture were an adequate and independent basis for the state court's decision. Petitioner did not demonstrate "cause" for the procedural default or that a miscarriage of justice would occur as a result of Judge Gadola's failure to consider the substantive merits of his claims. Petitioner has failed to show that Judge Gadola made a clear error of law or was misled by a palpable defect.

C

Accordingly, it is **ORDERED** that Petitioner's motions to alter or amend the judgment [Dkt. 55 and 57] are **DENIED**. Petitioner's motion to amend or supplement the motion to alter or amend the judgment [Dkt. 56] is **GRANTED** and has been considered.

It is further **ORDERED** that Petitioner's motion for reassignment [Dkt 58] is **DENIED** as moot, because Petitioner's case was reassigned from Judge Gadola to this Court on October 21, 2008. *See* E.D. Mich. LR 83.11(b)(8).

It is further **ORDERED** that Petitioner's motion for inordinate or unnecessary delay [Dkt. 60] is **DENIED** because Petitioner is not entitled to the relief he seeks, namely, an unconditional writ of habeas corpus or an evidentiary hearing.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 23, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS
