UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT EARL HACKNEY,

       Petitioner,

v.                                                 Case Number 06-10710
                                                      Honorable Thomas L. Ludington

BLAINE LAFLER,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO AMEND AND HIS REQUEST TO ADD A STATE CASE CITATION

Petitioner Robert Earl Hackney, a state prisoner at Carson City Correctional Facility in Carson City, Michigan, has filed a "Motion to Amend or Supplement the Motion to Alter or Amend the Judgement Entered" and a "Request to Add a State Case Citation." The motion purports to amend or supplement one of Petitioner's previous motions to alter or amend the judgment. However, the relief sought is a writ of habeas corpus and an amendment to United States District Judge Paul V. Gadola's Opinion and Order denying Petitioner's habeas corpus petition. Petitioner alleges that Judge Gadola made a palpable error when he concluded that Petitioner was not deprived of an impartial jury drawn from a fair cross section of the community. Petitioner's motion is, in essence, another motion to amend or alter the judgment. The motion is untimely because it was filed more than ten days after Judge Gadola entered his judgment. Fed. R. Civ. P. 59(e).

Accordingly, it is **ORDERED** that Petitioner's motion to amend or supplement his previous motion to alter or amend the judgment [Dkt. #62] is **DENIED**.

Petitioner's request to add a state case citation seeks to have the Court consider *People v.*

*Beckley*, 434 Mich. 691; 456 N.W.2d 391 (1990), and *People v. Wesley*, 103 Mich. App. 240; 303 N.W.2d 194 (1981), in conjunction with habeas claims I, IX, and X. The Court previously determined that Judge Gadola was not misled by a palpable defect when he rejected habeas claims I and X, which challenge the admission of a videotaped deposition at trial. *See* Dkt. #61. Judge Gadola also did not commit a palpable defect when he rejected habeas claim IX, which challenges the sufficiency of the evidence. The complainant's testimony alone, if believed by the jury, was sufficient to support Petitioner's conviction for first-degree criminal sexual conduct. *People v. Smith*, 205 Mich. App. 69, 71; 517 N.W.2d 255, 256 (1994); Mich. Comp. Laws § 750.520h.

Accordingly, it is **ORDERED** that Petitioner's Request to Add a State Case Citation [Dkt. #63] is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: April 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2009.

    s/Tracy A. Jacobs
    TRACY A. JACOBS