UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT EARL HACKNEY,

          Petitioner,

v.                                                             Case Number 06-10710
                                                            Honorable Thomas L. Ludington

BLAINE LAFLER,

          Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
AND DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY**

      Petitioner Robert Earl Hackney has appealed the Court's Opinion and Order denying his habeas corpus petition, which challenges Petitioner's state conviction for first-degree criminal sexual conduct. Currently pending before the Court are Petitioner's motion to proceed *in forma pauperis* on appeal and Petitioner's motion for a certificate of appealability.

I.

      "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner

'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

II.

Petitioner's habeas claims allege that:

I.  It was reversible error for the trial court to allow Dr. Bowditch's videotaped deposition in lieu of live testimony before the trier of facts in violation of Mr. Hackney's constitutional due process right to confrontation and his right to a fair trial where Dr. Bowditch's videotape[d] testimony was admitted into evidence without a showing that he was constitutionally unavailable and his taped testimony was no substitute for live trial testimony where defendant's right to confrontation and fair trial outweighed any state interest.

II. Defendant was denied his federal and state constitutional rights to an impartial jury drawn from a fair cross section of the community

      where there were no African Americans in the array from which his jury was selected due to the systematic exclusion of African American[] residents of the county from circuit jury service.

III.    Defendant's conviction must be reversed where the police department and the prosecution denied the defendant his state and federal constitutional right to due process and a fair trial by failing to fully investigate the charges <US CONST, AM V; MICH CONST 1963 Art 1 § 17>, relegating Mr. Hackney's trial to a credibility contest where the evidence was less than overwhelming.

IV.    Defendant Hackney is entitled to resentencing because the statutory sentencing guidelines were misscored as to offense variable 7 and the sentence is a departure from the statutory sentencing guidelines imposed without compliance with departure requirements.

V.    The trial court violated Mr. Hackney's federal constitutional rights, US CONST AMS V, VI, XIV at sentencing by scoring the statutory sentencing guidelines based on its findings of additional facts which the prosecutor had not charged, which had not been submitted to the jury, and which Mr. Hackney had not admitted.

VI.    The defendant was denied effective assistance of counsel, that counsel's error was so serious as to deprive the defendant [of] a fair trial guaranteed him under the Sixth and Fourteenth Amendment of the U.S. Constitution.

VII.    The prosecution didn't present to the district court sufficient evidence of venue to prove by a preponderance of evidence that this crime occurred (1) in the Township of Constantine and (2) in the County of St. Joseph.

VIII.    The prosecutor violated the defendant's state and federal constitutional right of due process and fair trial by engaging in prejudicial misconduct during trial.

IX.    The prosecutor didn't present sufficient evidence to support the charge of first degree.

> X.   The trial court abused its discretion and violated the defendant's due process right under the Fifth and Fourteenth Amendment[s] by admitting into evidence, evidence that did not comply with [a] federal rule and state rule of court.

### A.

The first and tenth habeas claims challenge the admission of a videotaped deposition of the physician who examined the complainant following the alleged criminal sexual conduct. Petitioner alleges that the videotaped deposition was inadmissible under the Michigan Rules of Evidence and violated his constitutional right to confront the physician.

The Court determined that these claims were procedurally defaulted because Petitioner agreed to the use of the deposition at trial and the Michigan Court of Appeals determined that Petitioner waived appellate review of his claim. Reasonable jurists would not debate whether the Court's procedural ruling was correct or whether Petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue on claims I and X.

### B.

The second habeas claim alleges that Petitioner was denied his constitutional rights to equal protection of the law and to an impartial jury drawn from a fair cross-section of the community. Petitioner, who is an African American, states that there were no African Americans in the array from which his jury was selected due to the systematic exclusion of African Americans from circuit court juries in St. Joseph County. The Court rejected the claim because Petitioner did not demonstrate that African Americans were not fairly and reasonably represented in jury venires or that this underrepresentation was due to intentional discrimination or systematic exclusion of African Americans in the jury-selection process. The Court found no merit in Petitioner's equal

protection claim because he failed to show that the jury-selection method had a discriminatory purpose.

On September 24, 2008, three months after the district court issued the opinion and order denying Petitioner's habeas claim, No. 06-10710, 2008 WL 2544869 (E.D. Mich. June 20, 2008), the Sixth Circuit Court of Appeals issued an opinion in *Smith v. Berghuis*, 543 F.3d 326 (6th Cir. 2008), *cert. granted*, 77 U.S.L.W. 3012 (U.S. Sept. 30, 2009) (No. 08-1402), potentially expanding the availability of relief for prisoners asserting Sixth Amendment cross-section claims on collateral appeal. In *Smith*, the Sixth Circuit considered a state prisoner's claim pursuant to a 28 U.S.C. § 2254 habeas petition that the Kent County, Michigan Circuit Court jury that convicted him of murder was not drawn from a fair cross-section of the community. The three-judge panel ordered a new trial based on: "Kent County's practice of assigning jurors [from concentrated minority sections of the county] to district court panels prior to assigning [them] to circuit courts"; the county's practice of permitting non-statutory excuses, such as inability to find transportation or child care, that disproportionately excuse members of minority populations; and the county's "failure to send additional letters to areas with a high concentration of African Americans" in an effort to find jurors who do not respond to initial questionnaires. *Id.* at 339.

*Smith* is similar to this case in that Petitioner has raised a Sixth Amendment claim as part of a § 2254 habeas petition, but Petitioner's only allegation of discriminatory purpose or systemic exclusion is a comment from the trial judge that there were no African Americans on the jury because Michigan's statutory jury selection system relies on drivers license information and African Americans are, according to the trial judge, underrepresented in the Michigan drivers license pool. *See People v. Hackney*, No. 06-10710, 2005 WL 433622 at *1 n.2 (Mich. App. Feb. 24, 2005).

Under *Smith* and *Duren v. Missouri*, 439 U.S. 357 (1979), the petitioner need not show intentional discrimination but he must at least demonstrate systemic exclusion. *Smith*, 543 F.3d at 342–43. "The systemic exclusion requirement as discussed in *Duren* . . . does not mean that a defendant's proof must be unequivocal . . . but instead, the proof must be sufficient to support an inference that a particular process results in the underrepresentation of a distinctive group." *Id.*

Here, the petitioner has offered nothing more than the allegation that the process of using drivers license data to assemble the jury pool violates the Sixth Amendment fair cross-section requirement. There is no evidence in the record substantiating the trial judge's comment, nor is there any specific information describing how St. Joseph County used the drivers license information to assemble the jury for Petitioner's trial. Moreover, there is no evidence that the discrimination is systemic—Petitioner has alleged that his jury was all white, but he has offered no information about the typical jury venire in St. Joseph County. Although the Sixth Circuit's decision in *Smith* might eventually lead the State of Michigan to rethink its statute governing assembly of jury pools and counties may reconsider how they use that information, it does not mean that every criminal defendant convicted by a jury assembled from state drivers license data is entitled to a new trial. A certificate of appealability will be denied as to Petitioner's Sixth Amendment cross-section claim.

C.

The third, seventh, eight, and ninth habeas claims challenge the strength of the evidence against Petitioner. The third claim alleges that the prosecution failed to fully investigate the charges. The seventh claim alleges that the prosecutor failed to establish venue. The eighth claim asserts that the prosecutor suppressed evidence about a defense witness and relied on perjured testimony, and

the ninth claim alleges that the evidence was insufficient to sustain Petitioner's conviction.

The Court found no merit in these claims, because (1) the prosecutor was not required "to conduct a defendant's investigation or assist in the presentation of the defense's case," *United States v. Marrero,* 904 F.2d 251, 261 (5th Cir. 1990); (2) the contention that venue was improper is not a cognizable claim on habeas or post-conviction review, *Williams v. United States*, 582 F.2d 1039, 1040-42 (6th Cir. 1978); (3) Petitioner's claim about the prosecutor withholding exculpatory evidence was based on mere speculation, and the evidence allegedly withheld was not "material" evidence; and (4) the victim's testimony alone, if believed by the trier of fact, was sufficient evidence to support Petitioner's conviction for criminal sexual conduct.  Reasonable jurists would not find the Court's resolution of these claims debatable or wrong.  Consequently, a certificate of appealability will not issue on claims  III, VII, VIII, and IX.

D.

The sixth habeas claim alleges that Petitioner's trial attorney deprived him of his right to effective assistance of counsel.  Petitioner asserts that his attorney failed to secure a surveillance videotape from a gas station, which would have demonstrated that the complainant did not seek help or try to escape while he purchased fuel and drinks.  The Court determined that no prejudice resulted from counsel's omission, because the complainant admitted to the jury that she did not seek assistance at the gas station.

 Next, Petitioner asserts that his attorney should have questioned the complainant's mother about her abusive treatment of the complainant.  Defense counsel did question the complainant's

mother about a beating, and there was testimony that the beating could not have caused the complainant's vaginal injuries. Thus, defense counsel's performance was not deficient, and the alleged deficiency did not prejudice the defense.

Petitioner's final claim about defense counsel is that he failed to advise Petitioner of his right to confront witnesses, he failed to impeach the examining physician about the complainant's injuries, and he did not object at trial to the admission of the physician's deposition. The record indicates that Petitioner was aware of his right to confront the witnesses against him, and defense counsel did ask the physician about the complainant's bruises and abrasions and the physician's medical conclusions. Defense counsel's willingness to depose the physician before trial and to use the physician's deposition testimony at trial did not rise to the level of ineffective assistance, because some of the physician's deposition testimony was favorable to Petitioner.

Reasonable jurists would agree with the Court's conclusion that defense counsel's performance was not deficient and that the allegedly deficient performance did not prejudice Petitioner. Therefore, a certificate of appealability will not issue on claim VI.

E.

The fourth and fifth habeas claims challenge the scoring of the state sentencing guidelines. These claims are not cognizable on federal habeas corpus review, *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003), and Petitioner's reliance on *Blakely v. Washington*, 542 U.S. 296 (2004), is misplaced because *"Blakely* does not apply to Michigan's indeterminate sentencing scheme." *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) (unpublished opinion), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008). A certificate of appealability will not issue on claims IV and V because reasonable jurists would not debate the Court's resolution of the claims.

III.

Accordingly, it is **ORDERED** that the motion for a certificate of appealability [Dkt. # 76] is denied.

It is **FURTHER ORDERED** that the motion for leave to proceed *in forma pauperis* [Dkt. #75] is **GRANTED**, because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: October 28, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2009.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS